**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARRYL C. JONES,**

      **Petitioner,**

**vs.**                                    **Case No. 4:10cv554-MP/WCS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/


### REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Doc. 1. He filed a motion to proceed in forma pauperis, doc. 2, which is granted by

separate order.

Petitioner challenges the judgment of the Second Judicial Circuit, in and for Leon

County. Doc. 1, p. 1. According to the petition, on May 9, 2009, he was sentenced to

two years in the Florida Department of Corrections (DOC) and to two years of probation.

*Id.* It is that judgment which is challenged here. Petitioner is currently incarcerated at

the Leon County Jail.

According to the DOC's web site,[1] Petitioner was in custody serving a two year sentence imposed on May 6, 2009, in Leon County, case number 0803786. He was released from DOC custody to drug offender probation on August 12, 2010. On the drug offender probation he was sentenced to community supervision on January 19, 2011, the same case number 0803786, with supervision scheduled to terminate on January 18, 2013.

According to an inmate search of the Leon County Sheriff's Office web site, Petitioner was arrested on November 1, 2010, for violation of probation, and remains at the jail. His identification number at the jail is SPN 22355, which has been noted (along with his DOC identification number) on the docket in this case.

Petitioner indicates that he has filed only a direct appeal, and did not raise other claims in state court because he was not aware that he could do so until recently. He is advised that a § 2254 petition may not be granted unless the applicant has exhausted available state remedies, unless there is an absence of available state remedies or circumstances render the process ineffective to protect the applicant's rights. § 2254(b)(1).[2] An applicant has not exhausted remedies if he still has the right to raise the issue in state court. § 2254(b). *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999) (citing § 2254 (b)(1)(b) and (c)). To

---

[1] Specifically, the DOC Corrections Offender Network, from review of Petitioner's Inmate Release Information Detail and Supervised Population Information Detail, using Petitioner's DOC number (565564).

[2] On the other hand, a petition may be denied on the merits notwithstanding the lack of exhaustion. § 2254(b)(2).

properly exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  526 U.S. at 845, 119 S.Ct. at 1732.  Petitioner still has the right to file seek collateral review of his conviction by filing a motion in the trial court pursuant to Fla.R.Crim.P. 3.850,[3] which provides a two year time limit for filing most claims.  Rule 3.850(b).[4]

This is therefore a mixed petition, containing unexhausted claims and one claim exhausted on direct appeal.  Specifically, Petitioner challenges an illegal search and seizure, and states the issue was raised at trial, by motion to suppress, and on direct appeal.  Doc. 1, p. 4.  There is no need to determine whether Petitioner wishes to proceed at this time by filing an amended § 2254 petition raising only this exhausted claim,[5] however, as this exhausted claim is not cognizable by federal habeas corpus. "[W]hen 'the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on

---

[3] A motion to correct or to reduce or modify a sentence may be filed under Fla.R.Crim.P. 3.800; however constitutional claim, such as ineffective assistance of counsel, would be raised by Rule 3.850 motion.

[4] The two years runs from the date of the mandate. Huff v. State, 569 So.2d 1250 (Fla. 1990); Ghent v. State, 27 So.2d 121, 123 (Fla. 4th DCA 2010) (applying Huff). According to the docket in Petitioner's appeal, case 1D09-2792 (available at www.1dca.org), the mandate issued on December 30, 2009.

[5] See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (district court must dismiss "mixed petitions," giving prisoner the choice of returning to state court to exhaust or of amending or resubmitting federal petition to present only exhausted claims); Rhines v. Weber, 544 U.S. 269, 273-278, 125 S.Ct. 1528, 1532-35, 161 L.Ed.2d 440 (2005) (discussing relation between total exhaustion requirement of Rose and subsequently enacted one year time limit for filing).

the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial.'" Peoples v. Campbell, 377 F.3d 1208, 1224 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 2963 (2005), *quoting*, Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976).

As his one exhausted claim is not cognizable and the other claims remain unexhausted in state court, it plainly appears Petitioner is not entitled to relief. § 2254 Rule 4. The petition should be dismissed without prejudice to refiling following exhaustion of remedies. Petitioner is advised that he has one year to file a § 2254 petition, and the one year generally begins to run from the date on which the judgment of conviction became final.[6] The one year period is tolled while any properly filed state application for relief is pending, but not while a federal petition (like this one) is pending. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Petitioner is also advised that while there is a two year time limit for filing a Rule 3.850 motion, for a later § 2254 petition to be timely he must pursue his 3.850 remedy (or otherwise toll the time under § 2244(d)(2)) "within one year of the date his judgment became final and do so in a manner that leaves him sufficient time to file his federal petition." Tinker v. Moore, 255 F.3d 1331, 1334-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002);[7] *see also* Diaz v. Secretary for Dept. of Corrections, 362

---

[6] 28 U.S.C. § 2244(d)(1) provides a one year period of limitation for filing a § 2254 petition. With some exceptions (*see* § 2244(d)(1)(B) - (D)), a petition must be filed within one year from the conclusion of direct review or expiration of the time for seeking such review. § 2244(d)(1)(A).

[7] Though under Florida law the time for filing a Rule 3.850 motion runs from the date of the mandate, the one year for Petitioner to file a § 2254 petition would run from

F.3d 698, 700 (11th Cir. 2004) (also involving a Florida prisoner, who timely filed within the two years allowed by Rule 3.850 but was untimely under the one year federal period).

Petitioner is not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right.  § 2253(c)(2); *see also* § 2254 Rule 11(a) (the district court must issue or deny a certificate of appealability under § 2253(c)(2) when entering a final order adverse to habeas corpus petitioner).  The petition is to be dismissed without prejudice, and the procedural determination (that the petition containing unexhausted claims is subject to dismissal) is not debatable among jurists of reason.  *See* Slack v. McDaniel, 529 U.S. 473, 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition be **SUMMARILY DISMISSED** without prejudice, and that a certificate of appealability be **DENIED**..

**IN CHAMBERS** at Tallahassee, Florida, on February 10, 2011.


S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

the expiration of the time to file a petition for writ of certiorari.  His judgment was affirmed on December 4, 2009, his conviction became final on March 4, 2010, and the one year will expire on March 4, 2011, unless Petitioner acts quickly to toll the time by filing in state court.  He is advised that "a properly and timely filed petition in state court only tolls the time remaining within the federal limitations period." *Id.*, at 1335, n. 4.

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**